UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PATRICK LOUIS, | * |
| Plaintiff, | * |
| v. | * |
| | * Civil Action No. 19-cv-10218-ADB |
| LEGAL SEA FOODS, LLC, | * |
| Defendant. | * |

## MEMORANDUM AND ORDER DOING DENYING MOTION TO REMAND

BURROUGHS, D.J.

This action relates to claims of unlawful employment practices, including discrimination, harassment, and retaliation on the basis of race, skin color, ethnicity, and national origin by Defendant Legal Sea Foods, LLC ("LSF"). Currently before the Court is *pro se* Plaintiff Patrick Louis' ("Louis") Motion to Remand. [ECF No. 9]. For the reasons explained herein, the Motion to Remand is DENIED.

### I. BACKGROUND

On May 25, 2018, Louis filed this action in Suffolk County Superior Court ("Superior Court"). [ECF No. 1-1]. The initial complaint did not clearly assert a federal cause of action. See id. On January 24, 2019, Louis filed an Amended Complaint, [ECF No. 1-6], which asserted claims under Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. These are federal causes of action. On February 1, 2019, LSF removed the action to this Court. [ECF No. 1]. On March 1, 2019, Louis filed a motion to remand pursuant to 28 U.S.C. § 1446(b). He argues that this Court lacks jurisdiction over his state law claims and that the removal was otherwise procedurally improper.

[ECF No. 9 at 1]. On March 15, 2019, LSF filed its Opposition to the Motion to Remand [ECF No. 10].

II.     **DISCUSSION**

United States district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. With certain exceptions, "a notice of removal may be filed within thirty days after receipt by the defendant . . . of an amended pleading . . . from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446.

Whether a claim "arises under" federal law depends on the "well-pleaded complaint" rule. Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 808 (1986). As a general proposition, a suit "arises under the law that creates the cause of action." Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal., 463 U.S. 1, 8 (1983). A case may also arise under federal law if the state-law right necessarily turns on the construction of federal law. Merrell Dow, 478 U.S. at 808.

Here, contrary to the assertions made in Plaintiff's Motion to Remand, the Amended Complaint asserts claims that arise under federal laws. Specifically, the first and second causes of action allege violations of 42 U.S.C. § 1981, and the third and fourth causes of action allege violations of Title VII of the of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. [See ECF No. 1-5]. These causes of action are created by, and therefore arise under, federal law. The Court also has supplemental jurisdiction over the asserted state law claims, as they "form part of

the same case or controversy," 28 U.S.C. § 1367, given that the state law claims "derive from a common nucleus of operative fact." City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 165 (1997). LSF timely removed the action to this Court by filing its notice of removal eight days after it was served the Amended Complaint. [See ECF No. 1]. The case was therefore properly removed based on the claims asserted, and the Court will retain jurisdiction of this action so long as the complaint includes federal claims. See 28 U.S.C. 1367(c)(3) (district courts may decline to exercise supplemental jurisdiction state law claims if the district court has dismissed all claims over which it has original jurisdiction).

Louis' assertions that the removal was procedurally improper are likewise unavailing. Louis claims that LSF failed to include required state court documents with its removal, to notify the state court of the removal, to file a notice of appearance, and to serve process of the notice of removal on Louis. [ECF No. 9 at 13–20]. Upon a review of the record, the Court finds these assertions are without merit. [See ECF Nos. 1 through 1-7, 8 through 8-18].

### III. CONCLUSION

Accordingly, the Motion to Remand [ECF No. 9] is <u>DENIED</u>. Louis' requests for attorney's fees and Rule 11 sanctions are also <u>DENIED</u>. If the Plaintiff continues to want this case to proceed in state court, he must move to dismiss his federal claims, otherwise the case will be litigated in federal court.

**SO ORDERED.**

March 19, 2019 /s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE